considering the circumstances presented and the nature of the appeal herein, the court is of the opinion that appellants have not demonstrated a reasonable excuse for the delay, which in this case was inordinate, as required by section 800.12. Motion denied, without costs, and appeal dismissed. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.

■ KEITH ARTHUR, Respondent, v CITY OF NEW YORK, Appellant. (And Two Other Appeals.)—Motion by appellant for leave to file record and brief beyond the one-year period specified by 22 NYCRR 800.12 of the Rules of Practice. Motion denied, without costs, and appeals dismissed (see *Matter of Maguire [Toch]*, 60 AD2d 702). Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.

## (December 22, 1977)

■ In the Matter of the Claim of LESLIE GAMBLE, Respondent, v NEW YORK STATE NARCOTICS ADDICT CONTROL COMMISSION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 19, 1976, which found that decedent's death on January 16, 1973 was causally related to his employment. The board found: "On the basis of the probative medical and credible lay evidence that the claimant sustained a psychic trauma resulting from his job change and that such psychosis and mental derangement caused the suicide thereby constituting an accidental injury within the meaning of the law. The job change precipitated the outbreak of anxiety and bizarre thinking which resulted ultimately in the development of psychosis and thereafter hospitalization psychiatrically." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.

■ In the Matter of GARDEN STATE HOMES, INC., Appellant, v HAROLD A. HEUSNER et al., Constituting the Planning Board and Zoning Commission of the Town of Niskayuna, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 7, 1975 in Schenectady County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review and annul a decision of the Planning Board of the Town of Niskayuna refusing to approve its subdivision plot. Petitioner is involved in the residential development of some 16 acres of land in the Town of Niskayuna. A plan incorporating a cul-de-sac or permanent dead-end road was submitted to the planning board for approval. It was rejected on the ground that the cul-de-sac was in excess of 1,400 feet and a subdivision regulation restricted same to 500 feet. This article 78 proceeding was brought seeking to annul the board's rejection and to compel approval of the plan. Special Term denied the application and this appeal ensued. Petitioner contends, *inter alia,* that an area variance should have been granted since it made a sufficient showing of practical difficulty of strict compliance and also that the proposed plan should have been approved. We disagree. The submitted plan was clearly not in compliance with the subdivision regulations which required a showing that "extraordinary and unnecessary hardships" would result from strict compliance in order to vary regulation requirements. Petitioner submitted proof on this issue indicating that compliance with the regulation would increase the cost of each lot by an

amount somewhat in excess of $1,000. It was also claimed that there would be additional expenses for sewer and water taxes. This, in our view, does not constitute extraordinary and unnecessary hardship. The cases relied upon by petitioner applying a standard of "practical difficulty" are inapposite since they apply where an area variance is sought and not the approval of a subdivision plan. The present record is devoid of any application to the town board, planning board or zoning board of appeals for an area variance. The judgment, therefore, should be affirmed. We have considered the other issues raised by petitioner and find them unavailing. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.